**MEMO ENDORSED**



*DOCUMENT ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 6/13/2008*

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BAREE N. FETT
Assistant Corporation Counsel
Phone: (212) 788-8343
Fax: (212) 788-9776
bfett@law.nyc.gov

June 12, 2008

**BY FAX**
Honorable Denny Chin
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1020
New York, New York 10007

      Re: <u>William Diaz, et al. v. City of New York, et al.</u>
          08 CV 4391 (DC)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendants City of New York and Martin F. Horn in this matter. I write to respectfully request an enlargement of time for the defendants to answer or otherwise respond to the complaint from June 16, 2008, to August 18, 2008. Plaintiffs' counsel consents to a 30 day enlargement of time to answer.

      In the complaint, plaintiffs allege, *inter alia*, that a pattern of excessive force involving New York City Department of Correction ("DOC"), Emergency Services Unit staff. Plaintiffs further allege that DOC and its Supervisory staff have been on notice, but failed to take corrective measures. Plaintiff William Diaz alleges he was subjected to excessive for by DOC Emergency Services Unit staff on July 10, 2007. Plaintiff Darryl Smith also alleges he was subjected to excessive force by DOC Emergency Services Unit staff on August 11, 2007.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiffs for execution releases for their medical records. In addition, the enlargement of time will allow this office to obtain any relevant records from DOC that are necessary to respond to the complaint. Defendants cannot obtain these records without the medical releases, and without these records, defendants cannot properly assess this case or respond to the complaint.

*Approved.*
*So ordered.*
*6/14/08*
*USDJ*

Second, in addition to DOC Commissioner Martin F. Horn, plaintiffs have named eleven individuals in their complaint. It appears that all named defendants, Buddy Bush, Jason Mendez, Fritz Montrevil, Richard R. White, Patrick Walsh, Vincent Caputo, Carolyn Thomas, Mark Daniels, Calvin Devine, Shawn Cort and Tobias Parker were served.

The enlargement will allow time for this office to confirm whether these officers were properly served and, to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent them. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). The eleven named defendants must then decide whether they wish to be represented by the Corporation Counsel. See Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Only then can this office interview them for the purposes of responding to the complaint.

No previous request for an extension has been made. Accordingly, we respectfully request that defendants' time to answer or otherwise respond to the complaint be extended to August 18, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Baree N. Fett (BF9416)
Assistant Corporation Counsel

cc:   Jonathan Abady, Esq., Emery Celli (by Fax)
      Sarah Netburn, Esq., Emery Celli (by Fax)
      Jonathan Chasen, Esq., Legal Aid Society (by Fax)
      May Lynne Werlwas, Esq., Legal Aid Society (by Fax)