UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

WILLIAM DIAZ and DANIQUE LEWIS a/k/a DARRYL SMITH,

                      Plaintiffs,

                  -against-

CITY OF NEW YORK, Commissioner MARTIN F. HORN; Chief of Department CAROLYN THOMAS; Deputy Commissioner RICHARD R. WHITE; Executive Officer VINCENT CAPUTO; Chief of Facility Operations PATRICK WALSH; Officer BUDDY BUSH, Shield # 12945; Officer TOBIAS PARKER, Shield # 4447; Officer SHAWN CORT, Shield # 15418; Officer CALVIN DEVINE, Shield # 10955; Captain MARK DANIELS, Shield # 522; Officer FRITZ MONTREVIL, Shield # 12836; JASON MENDEZ, Shield # 13891; Officers JOHN/JANE DOES # 1-10,

                      Defendants.

------------------------------------------------------------------ x

**ANSWER**

**08 CV 4391 (DC)**

**<u>Jury Trial Demanded</u>**

      Defendants, City of New York; Martin F. Horn, Carolyn Thomas, Richard R. White, Vincent Caputo, Patrick Walsh, Buddy Bush, Tobias Parker, Shawn Cort, Calvin Devine and Mark Daniels, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Paragraph "7" of the Complaint, does not set forth an averment for which a response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that William Diaz was incarcerated at New York City Department of Corrections ("DOC"), Anna M. Kross Center ("AMKC"), on July 10, 2007.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that Danique Lewis a/k/a Darryl Smith was incarcerated at DOC, Otis Bantum Correctional Center ("OBCC"), on August 11, 2007.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that New York City is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code of the City of New York for a full statement of the functions and organization of the City and the Department of Corrections.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Martin F. Horn is the Commissioner of DOC and that plaintiffs purport to sue him as stated therein.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Carolyn Thomas is the Chief of Department of DOC and that plaintiffs purport to sue her as stated therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Richard R. White is a Deputy Commissioner at DOC and that plaintiffs purport to sue him as stated therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Vincent Caputo is the Executive Officer of the Emergency Services Unit and that plaintiffs purport to sue him as stated therein.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Patrick Walsh is the Chief of Facility Operations of DOC and that plaintiffs purport to sue him as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Mark Daniels is a captain within DOC and that plaintiffs purport to sue him as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Calvin Devine is an officer within DOC and that plaintiffs purport to sue him as stated therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Buddy Bush is an officer within DOC and that plaintiffs purport to sue him as stated therein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Tobias Parker is an officer within DOC and that plaintiffs purport to sue him as stated therein.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Shawn Cort is an officer within DOC and that plaintiffs purport to sue him as stated therein.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that Fritz Montrevil is an officer within DOC and that plaintiffs purport to sue him as stated therein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admit that Jason Mendez is an officer within DOC and that plaintiffs purport to sue him as stated therein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Paragraph "24" of the Complaint, does not set forth an averment for which a response is required.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer the Court to Sheppard v. Phoenix, 91 Civ. 4148, 1998 U.S. Dist. LEXIS 10576 (S.D.N.Y. July 16, 1998), for a full recitation of the claims in that matter.

27. Deny the allegations set forth in paragraph "27" of the Complaint, and respectfully refer the Court to its decision in Ingles v. Toro, 438 F.Supp.2d 203 (S.D.N.Y. 2006), for a full recitation of the claims in that matter.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that members of the Emergency Services Unit were patrolling the corridor.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that plaintiffs filed their Complaint on or about May 9, 2008.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except admit that a document purporting to be a Notice of Claim was received on October 17, 2007.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that plaintiffs' claims have not been paid or adjusted.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that plaintiffs filed their Complaint on or about May 9, 2008.

80. In response to the allegations set forth in paragraph "80" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. In response to the allegations set forth in paragraph "89" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

94. The Complaint fails to state a claim upon which relief can be granted.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

95. Defendants have not violated any rights, privileges or immunities secured to plaintiffs by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE

96. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendants' officials and agents entailed the exercise of their

proper and lawful discretion. As a result, defendants are entitled to governmental immunity.

### AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

97. Any injuries alleged in the Complaint were caused, in whole or in part by plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of non-parties and not that of the defendants.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

99. This action may be barred in whole or in part by plaintiffs' failure to exhaust administrative remedies as required under the Prisoner Litigation Reform Act.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

100. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

101. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103. Venue is not properly laid in this District.

WHEREFORE, the defendants respectfully request judgment dismissing the Complaint, awarding costs, disbursements and reasonable attorney's fees and such other further relief as the Court deems just and proper.

Dated: New York, New York
       August 18, 2008

                                         MICHAEL A. CARDOZO
                                         Corporation Counsel of the
                                         City of New York
                                         *Attorney for Defendants*
                                         100 Church Street, Room 3-163
                                         New York, New York 10007
                                         (212) 788-8343

                                         BY: _____
                                         BAREE N. FETT (BN9416)
                                         Assistant Corporation Counsel

To:    Sarah Netburn, Esq. (BY ECF)
        Emery Celli Brinckerhoff & Abady LLP
        *Attorneys for Plaintiffs*
        75 Rockefeller Plaza
        New York, New York 10019

08 CV 4391 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM DIAZ and DANIQUE LEWIS a/k/a DARRYL SMITH,

Plaintiffs,

-against-

CITY OF NEW YORK, Commissioner MARTIN F. HORN; Chief of Department CAROLYN THOMAS; Deputy Commissioner RICHARD R. WHITE; Executive Officer VINCENT CAPUTO; Chief of Facility Operations PATRICK WALSH; Officer BUDDY BUSH, Shield # 12945; Officer TOBIAS PARKER, Shield # 4447; Officer SHAWN CORT, Shield # 15418; Officer Calvin Devine, Shield # 10955; Captain MARK DANIELS, Shield # 522; Officer FRITZ MONTREVIL, Shield # 12836; JASON MENDEZ, Shield # 13891; Officers JOHN/JANE DOES # 1-10,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y. 10007

*Of Counsel: Baree N. Fett*
*Tel: (212) 788-8343*
*NYCLIS No. 2008019621*

Due and timely service is hereby admitted.

New York, N.Y. .................................., 2008...

.................................................. Esq.

Attorney for..........................................