**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

WILLIAMS DIAZ et. al.,

                           Plaintiffs,

     -against-

CITY OF NEW YORK et al.

                           Defendants.

-------------------------------------------------------------------x

Index No. 08CV4391 (DC)

**ANSWER OF FRITZ MONTREVIL**

Jury Trial Demanded

       Defendant Fritz Montrevil, by his attorneys, Koehler and Isaacs LLP, respectfully alleges the following:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court.

       5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court.

       6.     Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       7.     Defendant demands a trial by jury on all issues triable by jury.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that Danique Lewis a/k/a Darryl Smith was incarcerated at the New York City Department of Corrections (DOC), Otis Bantum Correctional Center on or about August 11, 2007.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that New York City is a municipal corporation.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that Martin F. Horn is the commissioner of the DOC and that the plaintiffs purport to sue him as stated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that Carolyn Thomas is the Chief of Department of DOC and that the plaintiffs purport to sue her as stated therein.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except that the plaintiffs purport to sue him as stated therein.

14 Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that Vincent Caputo is the Executive Officer of the Emergency Services Unit and that the plaintiffs purport to sue him as stated therein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint except admits that Patrick Walsh is the Chief of Facility Operations of the DOC and that the plaintiffs purport to sue him as stated therein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint except admits that Mark Daniels is a captain within the DOC and that the plaintiffs purport to sue him as stated therein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint except admits that Calvin Devine is an officer within the DOC and that the plaintiffs purport to sue him as stated therein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint except admits that Buddy Bush is an officer within the DOC and that the plaintiffs purport to sue him as stated therein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint except admits that Tobias Parker is an officer within the DOC and that the plaintiffs purport to sue him as stated therein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint except admits that Shawn

Cort is an officer within the DOC and that the plaintiffs purport to sue him as stated therein.

21. Denies the allegations set forth in paragraph "21" of the complaint except admits that Fritz Montrevil is an officer within the DOC and that the plaintiffs purport to sue him as stated therein.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint except admits that Jason Mendez is an officer within the DOC and that the plaintiffs purport to sue him as stated therein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Paragraph "24" of the complaint does not set forth an assertion for which a response is required.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint, except admit that plaintiffs filed their complaint on May 9, 2008.

80. In response to paragraph "80" of plaintiffs' complaint, defendant repeats and reiterates each and every response to paragraphs "1" through "79" as if fully set forth at length herein.

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. In response to paragraph "85" of plaintiffs' complaint, defendant repeats and reiterates each and every response to paragraphs "1" through "84" as if fully set forth at length herein.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint.

89. In response to paragraph "89" of plaintiffs' complaint, defendant repeats and reiterates each and every response to paragraphs "1" through "88" as if fully set forth at length herein.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. Denies the allegations set forth in paragraph "91" of the complaint.

92. Denies the allegations set forth in paragraph "92" of the complaint.

93. Denies the allegations set forth in paragraph "93" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97. Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims may be barred in whole or in part by their failure to exhaust administrative remedies under the Prisoner Litigation Reform Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99. At all relevant times, defendant was justified in his actions involving plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100. Defendant has not violated any clearly established constitutional or statutory right of which a reasonable person should have known and, therefore, is protected by qualified immunity.

**WHEREFORE**, defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just.

Dated: New York, New York
       August 19, 2008

**KOEHLER AND ISAACS, LLP**
Attorneys for Defendant
61 Broadway, 25th Floor
New York, New York 10006
(917) 551 1300

By: _____/s/_____
    **BRAN C NOONAN, ESQ. (BN2463)**

To:

**By ECF**

Sarah Netburn, Esq.
Emery, Celli, Brinkerhoff & Abady LLP
Attorneys for Plaintiffs
75 Rockefeller Plaza
New York, NY 10019

Baree N. Fett, Esq.
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

WILLIAM DIAZ et. al.,

                            Plaintiffs,

      -against-

CITY OF NEW YORK et al.,

                            Defendants.

---------------------------------------------------------------x


**ANSWER OF FRITZ MONTREVIL**


**KOEHLER & ISAACS LLP**
**Attorneys at Law**
**61 Broadway-25th Floor**
**New York, N.Y.  10006**
**(917) 551-1300**